GIBSON v. INTERNATIONAL FREIGHT-ING CORPORATION.

Civ. No. 6435.

District Court, E. D. Pennsylvania.

May 23, 1947.

William M. Alper (of Freedman, Landy & Lorry), of Philadelphia, Pa., for plaintiff.

Springer H. Moore, Jr. (of Krusen, Evans & Shaw), of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff instituted this action at law for the recovery of damages based on negligence and for the recovery of his maintenance and cure.

Plaintiff now moves for an order permitting him to withdraw the maintenance and cure phase of the action in order that he might institute a new action grounded solely upon the cause of action for maintenance and cure. Presumably he intends to institute this new action for maintenance and cure in admiralty, rather than on the law side of the Court.

Plaintiff alleges that to deny his motion would unnecessarily delay the trial of the maintenance and cure phase of the action. I do not understand the force of this argument. This case is listed for trial for Monday, May 26, 1947. Whether or not either of the parties will move for a continuance before the Presiding Judge, I do not know, but certainly if the present motion is granted, the maintenance and cure phase of the action cannot be tried before the next term of the Court in the Fall of this year.

Probably the real reason for the present motion is that plaintiff does not wish to have both phases of the action presented to a jury at the same time. Plaintiff's counsel

having elected to bring both phases of the action on the law side of the Court at one time, I do not see how a denial of the present motion will work any injustice to the plaintiff's rights.

The motion will accordingly be denied.